## Peeling *v.* York County, Appellant.

*Sheriffs—Fees—Transportation of prisoners—Mileage—Act of July 11, 1901, P. L. 663.*

Under the Act of July 11, 1901, P. L. 663, which provides that "the sheriff shall be entitled to receive and have taxed as costs ten cents a mile, for each mile actually traveled and necessary," the sheriff is entitled to charge ten cents a mile circular in transportation of prisoners to the penitentiary or other penal institutions.

Under the act of July 11, 1901, which provides that the sheriff shall be entitled to charge "for transportation of each prisoner, six cents per mile in addition to necessary help and expenses," the sheriff may charge for hack hire paid by him in conveying prisoners from a railroad station to the institution to which they were committed; but in such a case the burden is on the sheriff to show affirmatively that the help employed and the expenses incurred were actually necessary for this purpose.

On an appeal from county auditors' disallowing a sheriff's claim for mileage, the proceedings in the common pleas are de novo and the sheriff must make out a prima facie case. If the parties at the trial agree upon most of the material facts, and the county calls the sheriff as for cross-examination and elicits from him the facts relating to the only disputed matter, and the case is thus tried upon its merits, the appellate court will not reverse a judgment on a verdict for the sheriff because of any irregularity in the presentation of the proof.

Argued May 15, 1905. Appeal, No. 94, Jan. T., 1905, by defendant, from judgment of C. P. York Co., Aug. T., 1904, No. 112, on verdict for plaintiff in case of Edward C. Peeling *v.* The County of York. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Appeal from report of county auditors. Before STEWART, J.

From the record it appeared that the county auditors disallowed a claim of the sheriff amounting to $2,027.98 for fees, mileage and expenses in transporting prisoners to the House

of Refuge, Lunatic Asylum, Harrisburg, Pa., Huntingdon Reformatory and the Eastern Penitentiary.

At the trial plaintiff presented this point:

1. That under the fee bill of July 11, 1901, P. L. 663, the sheriff of York county, Pa., was entitled to receive from the county as mileage for himself in serving the order transporting the parties named in his bills, the sum of ten cents per mile circular for each and every mile actually traveled by him both going and coming between the points that it was necessary for him to travel in the transportation of said parties. *Answer :* This point I will affirm. The act of assembly says he is entitled to be paid ten cents a mile for each mile actually traveled and necessary. [2]

The defendant presented these points :

1. The plaintiff is not entitled under the law to circular mileage claimed by him in transporting persons or prisoners under commitments or orders of the court to the Eastern Penitentiary, the House of Refuge at Glen Mills, Pa., the Industrial Reformatory at Huntingdon, Pa., or the State Lunatic Asylum at Harrisburg, but is entitled to lawful mileage one way only. *Answer :* This point is refused. [3]

6. Hack hire for prisoners, or hack hire for the sheriff, cannot be charged, such expense is covered by the sheriff's and prisoner's mileage allowed by law, and from the total charges in the bills for hack hire must be deducted such portions thereof as are properly assignable to the sheriff and the prisoners. *Answer :* This point is refused. If the money paid for hack hire is thought by the jury to be reasonable and proper then they should make no such deduction. [4]

Verdict and judgment for plaintiff for $2,109.06. Defendant appealed.

*Errors assigned* were (2–4) above instructions, quoting them.

*Charles A. Hawkins*, of *Black & Hawkins*, with him *E. D. Ziegler*, County Solicitor, for appellant.—The words " traveling expenses " in the act are inconsistent with a ten cent mileage both ways. The mileage is to cover traveling expenses. It is a matter of common knowledge that ten cents a mile one way

would be ample to meet all traveling expenses : Price v. Lancaster County, 7 Pa. Superior Ct. 119 ; O'Leary v. Northumberland Co., 30 Pa. C. C. Rep. 371 ; Winters v. Dauphin County, 5 Pa. Dist. Rep. 528 ; Honeybrook Twp., 1 Chester Co. Rep. 464 ; Davison v. Franklin Co., 18 Pa. C. C. Rep. 374.

That the proceeding on appeal is de novo with regard to any matter in controversy we think is clearly and logically shown in the opinion of Judge RICE in Horning's Case, 26 Pa. Superior Ct. 282 ; Brown v. Com., 2 Rawle, 40.

*N. M. Wanner*, with him *J. W. Heller*, for appellee.—That the returning miles are necessarily traveled, is obvious from the fact that it is physically impossible to get back otherwise, and because it is officially necessary to come back and make return of his service of the process in his hands, and resume his other sworn official duties : Kottcamp's Appeal, 18 York Legal Record, 190.

Deputies are admittedly necessary help, and as the court below said you cannot compel a prisoner to walk. The sheriff in this case has sworn that it was in his judgment a necessary precaution and a more secure method of transportation, than to take prisoners otherwise through the streets. His evidence was uncontradicted, and his futher statement that the deputies were necessary for the safe conduct of his prisoners stands unchallenged. There is no allegation that he took more deputies than necessary, or that he has charged more than he actually paid out for the necessary transportation of his prisoners in a safe and prudent manner: Mansel v. Fulmer, 175 Pa. 377.

OPINION BY MR. JUSTICE ELKIN, May 22, 1905 :

This appeal involves two questions arising under the Act of July 11, 1901, P. L. 663, which regulates and establishes the fees to be charged by sheriffs in the several counties of the commonwealth. The first point to be considered is whether a sheriff in the transportation of prisoners to the penitentiary or other penal institutions, should charge ten cents a mile direct or circular. The act provides that "the sheriff shall be entitled to receive and have taxed as costs ten cents a mile, for each mile actually traveled and necessary" in the performance of

his official duties as therein specified. In this instance the duty was the taking of prisoners to penal institutions. The distance actually traveled by the sheriff in the performance of this duty was the number of miles from the county seat to the institutions in which the prisoners were committed, and return therefrom. It was just as necessary in the performance of this duty for the sheriff to travel one way as the other. It may be, as suggested by the learned counsel for appellant, that ten cents a mile direct is ample compensation for the officer who performs this duty, but that is a legislative and not a judicial question. It is not for the court to say whether the rate of mileage provided in the act is too great or too small. Our inquiry is limited to a consideration of the provisions of the act. It is clear the legislature intended the sheriff to charge mileage at the rate fixed therein for the number of miles actually traveled and necessary in performance of the duty for which he seeks to impose the charge, which means miles circular.

The next point raised is whether the sheriff can charge for hack hire paid by him in conveying the prisoners from the railroad station to the institutions to which they were committed. Here again we must look to the act of assembly. No liability of this character can be placed upon the county without express legislative authority. The act of 1901, provides that the sheriff shall be entitled to charge " for transportation of each prisoner, six cents per mile in addition to necessary help and expenses." Under this provision of the act the sheriff can charge six cents per mile for the transportation of each prisoner, and in addition thereto such expenses for help and conveyances as may be found necessary to safely convey the prisoners to their place of confinement. The burden, however, is on the sheriff to affirmatively show that the help employed and the expenses incurred were actually necessary for this purpose. It is contended by the appellant that he failed to do so in this case. The questions in controversy were first raised before the county auditors, who refused to allow the claim of the appellee for these charges. An appeal was taken to the court below from the report of the auditors and a trial by jury followed. The appellant argues that the proceedings were then de novo, and that it was the duty of the appellee to affirma-

tively make out a prima facie case.  This is the proper practice and the rule is correctly stated.  The appellee admits the correctness of this position, but insists that the rule was observed in the trial of the action in the court below by agreement and consent of the parties.  After the jury was empanelled and before any testimony was taken, counsel for both parties agreed upon most of the material facts involved in the controversy and the method of procedure in the trial of the case.  The only question of fact to be considered by the jury after the material facts had been agreed upon was whether the expenses paid for hack hire were necessary.  The appellant called the appellee as a witness on cross-examination, and from him elicited the facts relating to the necessity of providing hacks in which to convey the prisoners from the railroad station to the institutions in which they were committed.  He testified that the hacks had been hired, the amounts charged in his bill actually paid, and that it was necessary to do so in order to safely transport the prisoners.  His testimony stands unimpeached, and is sufficient to justify the jury in returning a verdict in his favor.  Under the agreement of the parties the case was tried de novo, and the defendant established the necessity by the witness called.  No exception having been taken in the court below to this method of procedure, and no injury having been done the appellant by the irregularity complained of, it is not reversible error.  The whole case by agreement and consent of the parties was tried upon its merits in the court below and will not now be disturbed.

Judgment affirmed.