## Lenhart *v,* Cambria County, Appellant.

*Statutes—Construction—Legislative debates.*
In construing a statute the courts will not consider the debates of the legislature which passed it.

*Sheriffs—Compensation—Statutes—Repeal—Acts of April* 2, 1868, *P. L.* 3, *and July* 11, 1901, *P. L.* 663.
The Act of July 11, 1901, P. L. 663, entitled "An Act to regulate and establish the fees to be charged by sheriffs in this commonwealth, and to provide for the taxation and collection of the same," supersedes and repeals the fee bill of April 2, 1868, P. L. 3.

Under the Act of July 11, 1901, P. L. 663, the sheriff is entitled to a fee of ten cents per mile from the place where he receives convicts and lunatics, for the distance necessarily traveled to the places of their delivery, and for his return to his starting point, if his return to such point is a necessary portion of his official trip.

Where the sheriff has several commitments placed in his hands for several persons, at the same time, he is entitled to mileage on each commitment.

The six cents mileage for each prisoner is direct and not circular mileage.

The additional sum allowed by the Act of July 11, 1901, to the sheriff for "necessary help and expenses," is intended to cover reasonable help and expenses in transporting and delivering the convicts and lunatics to the penitentiary and asylum. If there is any dispute as to whether the charges for help and expenses are reasonable, the question is for the jury and not for the court.

*Practice, C. P.—Trial—Reservation of question of law.*
In an action by a sheriff against a county to recover for charges and expenses, it is improper for the court to give binding instructions for the plaintiff for an amount stated, and say that if this rate of charges is wrong "under the law as we shall construe it we will correct the verdict." This is not a proper reservation of law.

Argued May 1, 1905.    Appeal, No. 179, April T., 1905, by defendant, from judgment of C. P. Cambria Co., June T., 1904,

No. 410, on verdict for plaintiff in case of Samuel Lenhart, Sheriff, v. Cambria County. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit by the sheriff for charges and expenses. Before O'CONNOR, P. J.

The court charged as follows :

The plaintiff in this case claims that he is entitled to $529.96 from the county of Cambria, which amount he says is due and unpaid, for services rendered, at different times and under the circumstances testified to by him while on the witness stand. There is no question of fact to be determined by you in the case ; that is, there is no disputed question of fact in the case or between the parties to this proceeding. [The matter will resolve itself into a legal question, which must be determined by the court, namely, the construction of the act of assembly under which the plaintiff claims the rate of charges which he is entitled to make for certain services rendered by him as sheriff of Cambria county.] [1] [The counsel for the defendant differs from the counsel for the plaintiff in the construction of the act of assembly, and that question will necessarily be determined by the court, because that duty is imposed upon the court, and there being no disputed questions of fact in the case, we have concluded that it is better to have the jury render a verdict for the plaintiff for the amount of his claim ; ] [2]. then, after hearing the legal arguments, if we come to the conclusion that the plaintiff has made his charges under an act of assembly which does not apply to the particular services rendered, or which does not entitle him to the rate of charges fixed by him, we will reduce the amount of your verdict. We do not care to decide the question involved hastily.

The act of assembly now under consideration, so far as we are concerned, has not been passed upon by the courts of this state, and when we undertake to construe an act of assembly which materially changes the law with respect to matter now in issue, we prefer to do so carefully in order that it may be a guide for future use, and also that in case the parties conclude that the higher court may construe it differently that they may have the opportunity to take the case to the higher court.

[We have therefore concluded that the proper practice in this case is to direct you to render a verdict in favor of the plaintiff for $529.96 and, as we have suggested, if this rate of charges is wrong, under the law as we shall construe it later, we will correct the verdict, and the parties feeling injured thereby may then be in a position to have the matter remedied in the higher court.] [3]

We therefore direct you to render a verdict in favor of the plaintiff in the sum of $529.96.

*Errors assigned* were (1–3) above instructions, quoting them.

4. In reserving his construction of the acts of assembly to the jury before directing a verdict.

5. In allowing $4.00 per day for each one of the deputies.

6. In allowing six cents mileage for each of the convicts instead of three cents.

7. In allowing the plaintiff mileage on any of the commitments.

8. In allowing ten cents circular on each of the six commitments when direct mileage is all that could be allowed even though the law permitted it.

9. In allowing mileage on six commitments which were contemporaneous.

10. In directing the jury to render a verdict for the full amount of the plaintiff's claim, viz.: $529.96.

*William Davis,* for appellant.—In no case is the county liable for the costs unless made so by statute : Codding v. Bradford County, 116 Pa. 47 ; Crawford County v. Barr, 92 Pa. 359 ; Franklin County v. Conrad, 36 Pa. 317.

Even though the court should disregard the original and amended bills, the language of the act of 1901 has failed to provide for fees for the sheriff in this and similar cases, and since the same is not inconsistent with the act of 1868, we contend that the plaintiff's fees are fixed by the act of 1868 : Big Black Creek Improvement Co. v. Com., 94 Pa. 450 ; Honeybrook Twp. v. Chester County Rep. 464.

All mileage should be allowed on a straight basis of one way except where circular mileage is expressly given : Davison v. Franklin County, 5 Pa. Dist. Rep. 745 ; Ingram v. Chester

County, 5 Pa. Dist. Rep. 747 ; Conley v. York County, 5 Pa.
Dist. Rep. 748 ; Smith v. Altoona, etc., R. R. Co., 182 Pa. 139 ;
Barron v. Lackawanna County, 7 Pa. Superior Ct. 124 ; Price v.
Lancaster County, 7 Pa. Superior Ct. 119; McKniff v. Dela-
ware County, 7 Pa. Superior Ct. 123 ; Martin v. Clinton
County, 8 Kulp. 83.

*P. J. Little,* for appellee.—It is for the court and not the
legislature to declare the meaning of an act of assembly : East
Grant Street, 121 Pa. 596 ; Cumberland County v. Boyd, 113
Pa. 52 ; Haddock v. Com., 103 Pa. 243 ; Bank of Pennsylvania
v. Com., 19 Pa. 144.

Defendant contends that the words, " ten cents a mile for.
each mile actually traveled and necessary " have been con-
strued by the courts to mean direct and not circular mileage.
Appellee denies that any court has ever interpreted words as
broad and comprehensive as these to mean direct mileage :
Price v. Lancaster County, 7 Pa. Superior Ct. 119; Bucks
County Coroner's Inquisition, 17 Pa. C. C. Rep. 553.

A separate commitment was issued for each prisoner and
handed to the sheriff. This writ commanded the sheriff to
deliver the prisoner to the penitentiary. He has the right to
a separate charge for expenses incident in the execution of
this process the same as if he had a summons or execution or
warrant ; and the fact that the county is to pay the costs does
not change the terms of the act: Smith v. R. R. Co., 182 Pa.
139 : Shrope v. Northampton County, 3 Lancaster Law Rev.
123.

OPINION BY MORRISON, J., November 20, 1905 :
This was an action of assumpsit tried before the court and
a jury for the purpose of determining the amount due the
plaintiff for the removal of certain convicts and lunatics to the
penitentiary and to the proper asylums.

The first important question raised in the record is whether
the sheriff's compensation is regulated by the fee bill of April 2,
1868, P. L. 3, or by the Act of July 11, 1901, P. L. 663. The
learned counsel for the appellant vigorously contends that the
act of 1868 was not repealed by the act of 1901, and that the.
sheriff's compensation for the services claimed in this suit must

be fixed under the act of 1868. In his endeavor to sustain this position, he saw fit to offer testimony as to what took place in the legislature when the act of 1901 was under consideration. The interesting testimony and argument does not convince us that we can construe the act of 1901 by investigating the discussions and debates of the legislature that passed it. In Bank of Penna. v. Commonwealth, 19 Pa. 144, it is said by BLACK, C. J., (p. 156): "The court below charged the jury that the evidence of public embarrassment, the proclamation and message' of the governor, the journals of the house of representatives, and the reports of its committees, should be wholly disregarded. What less could any court be expected to do with such evidence ? It was not only of no value, but it was delusive and dangerous."

In County of Cumberland v. Boyd et al., 113 Pa. 52, the Supreme Court (p. 57) said: "In giving construction to a statute we cannot be controlled by the views expressed by a few members of the legislature, who expressed verbal opinions on its passage. Those opinions may or may not have been entertained by the more than a hundred members who gave no such expression. The declarations of some and the assumed acquiescence of others therein, cannot be adopted as a true interpretation of the statute. Keeping in mind the previous law, the supposed evil and the remedy desired, we must consider the language of the statute, and the fair and reasonable import thereof." Adopting this rule of construction we are convinced that the contention of the appellant cannot be sustained. In our opinion, the act of 1901 is so in conflict with the act of 1868, that the latter must fall, as to the questions raised in this suit.

The title of the act of 1901 is: "To regulate and establish the fees to be charged by sheriffs in this commonwealth, and to provide for the taxation and collection of the same." This title is very comprehensive and it indicates the intention of the legislature to cover the whole subject. On page 665 we find: "For executing any process, warrant, capias, attachment, decree, sentence or order of court, where the defendant's body is to be taken in custody, as follows: For receiving, docketing and making return, one dollar; for each arrest, one dollar and mileage; for transportation of each prisoner, six cents per mile, in addition to necessary help and expenses." On page 666:

" For traveling expenses or mileage, in serving or executing any of the writs, rules, orders, decrees, processes, or performing any of the duties or services herein specified, and intended so to be or authorized by law, the sheriff shall be entitled to receive and have taxed as costs ten cents a mile, for each mile actually traveled and necessary, the same to be allowed on each separate writ, rule, order, decree, process or service performed : Provided, That he shall not receive more than one mileage, where the plaintiff and defendant, or plaintiffs and defendants, in two or more cotemporaneous writs are the same." On page 667, section V," That all acts or parts of acts in force at the date of the passage of this act, inconsistent with its provisions, are hereby repealed : Provided, the provisions of this act shall not be construed to repeal any local or special laws."

In our opinion the compensation of the sheriff for delivering the convicts and lunatics in accordance with the order of the court must be fixed and determined under this statute.

The questions for determination may be stated thus : 1. Is the sheriff entitled to ten cents a mile direct from the place where he received the convicts and lunatics to the places of their delivery, or is he entitled to this sum per mile circular or both ways ? 2. The sheriff, having six commitments placed in his hands for six several persons, at the same time, can he charge mileage on each commitment or is he entitled to mileage on one ? 3. Is the sheriff entitled to six cents per mile for each prisoner direct? 4. How is the compensation for the necessary help and expenses to be determined ?

The first question was decided by this court in Kottcamp v. York County, on April 17, 1905, 28 Pa. Superior Ct. 96. In that case it was said : " The language of the sheriff's fee bill of July 11, 1901, P. L. 663, relating to traveling expenses or mileage, is ' ten cents a mile for each mile actually traveled and necessary.' Nowhere in the act is the phrase ' circular mileage ' used with reference to any particular service ; there is, therefore, no ground for presuming, as there was in Price v. Lancaster County, 7 Pa. Superior Ct. 119, that where it is not used direct mileage or mileage one way was intended. Giving to the words of the act their plain and obvious meaning a ruling which would restrict the right of recovery to mileage one way would be unwarranted. The question is how many miles were

actually and necessarily traveled and this question cannot be determined by applying the arbitrary rule contended for by the appellant's counsel." See also Peeling v. York County, 212 Pa. 245.

The above settles the question in this court that the sheriff is entitled to mileage from the place where he received the convicts and lunatics, for the distance necessarily traveled to the places of their delivery and for his return to his starting point, if his return to such point was a necessary portion of his official trip.

Upon the second question we feel compelled to hold that the plain terms of the act "the same to be allowed on each separate writ, rule, order, decree, process or service performed," entitles the sheriff to charge ten cents a mile for the distance necessarily traveled on each order or commitment computed as indicated in answer to the first question. The proviso, "that he shall not receive more than one mileage where the plaintiff and defendant or plaintiffs and defendants, in two or more contemporaneous writs are the same," does not limit the sheriff's right to charge on only one order or commitment for the plain reason that in the cases under consideration, the plaintiffs and defendants are not the same.

As to the third question, the act of 1901 in plain terms authorizes the sheriff to charge for transportation of each prisoner, six cents per mile, in addition to "necessary help and expenses." This we hold means mileage one way.

The fourth and last question is what is meant by necessary help and expenses. In our opinion, this means reasonable help and expenses in transporting and delivering the convicts and lunatics to the penitentiary and asylum. The act of 1901 does not fix the amount of this compensation and this, probably for the reason, that in one case the sheriff might need two or more assistants or helpers, while in another he might need but one and perhaps none. It then becomes a question of fact, in case of dispute, as to how much help the sheriff was entitled to employ as well as the compensation for the same and the necessary expenses. In the case in hand, the plaintiff fixed this amount and the learned court instead of referring it to the jury, under appropriate instruction, undertook to hold, as matter of law, that the charges for help and expenses were reasonable.

This was manifest error. First: Because the court is not vested with authority to decide such a disputed question; and second: Because the question of the help employed and the expenses were made out by oral testimony, on the part of the plaintiff, and in no case can the court give binding instructions in favor of the plaintiff, when the amount of his recovery depends upon oral testimony: Barnett v. Becker, 25 Pa. Superior Ct. 22, and cases there cited. See also Peeling v. York County, 212 Pa. 245.

We have not discussed the assignments of error seriatim and do not propose to do so. But we think we have covered all of the material questions raised, except the third assignment, wherein the court gave a binding instruction in favor of the plaintiff for a verdict of $529.96; and saying that if this rate of charges is wrong, under the law as we shall construe it later, we will correct the verdict, and the parties feeling injured thereby may then be in a position to have the matter reviewed in a higher court. In this there was no question reserved in any legal form and such practice cannot be commended. If the learned court had reserved the legal questions in proper form, and had allowed the jury to find the necessary facts, the case would have been in position so that we could have entered a final judgment, but unfortunately this was not done, and the case must go back for another trial. We cannot say what· would be a reasonable amount to allow a sheriff for help and expenses.

We have already said that the learned court erred in assuming to fix the amount of the verdict in the first instance, and saying that he might thereafter change it, does not cure this error. The moment the court fixed the amount of the verdict and discharged the jury, the opportunity for a correct determination of the amount which the county ought to pay the sheriff was lost and the trial was fruitless.

So far as in harmony with this opinion, the assignments of error are sustained and the judgment reversed with a new venire.