216        25
32 SC ¹241

## Lenhart *v.* Cambria County, Appellant.

*Sheriffs—Compensation—Statutes—Repeal—Acts of April 2, 1868, P. L. 3, and July 11, 1901, P. L. 663.*

The Act of July 11, 1901, P. L. 663, entitled "An Act to regulate and establish the fees to be charged by sheriffs in this commonwealth, and to provide for the taxation and collection of the same," supersedes and repeals the fee bill of April 2, 1868, P. L. 3.

Under the Act of July 11, 1901, P. L. 663, the sheriff is entitled to a fee of ten cents per mile from the place where he receives convicts and lunatics, for the distance necessarily traveled to the places of their delivery, and for his return to his starting point, if his return to such point is a necessary portion of his official trip.

Where the sheriff has several commitments placed in his hands for several persons, at the same time, he is entitled to mileage on each commitment.

The six cents mileage for each prisoner is direct and not circular mileage.

The additional sum allowed by the act of July 11, 1901, to the sheriff for "necessary expenses," is intended to cover reasonable help and expenses in transporting and delivering the convicts and lunatics to the penitentiary

and asylum.   If there is any dispute as to whether the charges for help and expenses are reasonable, the question is for the jury and not for the court.

There is no authority in the act of 1901 to enable the sheriff to make a charge of $4.00 per day for deputies employed in the transportation of prisoners.

Argued May 1, 1906.   Appeal, No. 68, Oct. T., 1906, by defendant, from judgment of Superior Ct., April T., 1905, No. 179, reversing judgment of C. P. Cambria Co., June T., 1904, No. 410, on verdict for plaintiff in case of Samuel Lenhart v. Cambria County.   Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from the Superior Court.

The facts appear by the opinion of the Supreme Court and by the report in 29 Pa. Superior Ct. 350.

*Error assigned* was the judgment of the Superior Court.

*William Davis*, for appellant.

*P. J. Little*, with him *M. D. Kittell*, for appellee.

OPINION BY MR. JUSTICE POTTER, June 27, 1906 :

Plaintiff's claim in this case was for removing certain prisoners, in pursuance of sentences and orders of the court, from the jail of Cambria county to the Western Penitentiary, the Dixmont Insane Asylum, the Polk Institute and the Huntingdon Reformatory, respectively.   For these services he claimed fees under the Act of July 11, 1901, P. L. 663, as follows : six cents per mile for each mile actually traveled by each prisoner ; ten cents per mile circular for each mile actually traveled or necessary to be traveled by plaintiff himself in case each sentence were separately executed, and for his assistants $4.00 each per day, three cents per mile circular for each mile traveled, and actual expenses necessary for such help.

Defendant contended (1) that the fees of the sheriff for the services upon which his claim was based, were to be determined, not by the act of 1901, but by the Act of April 2, 1868, P. L. 3; and (2) if the act of 1901 is to govern, then the sheriff can claim mileage upon only one of several cotemporaneous com-

mitments, and cannot claim $4.00 per day each of his deputies, as charged by him.

The Superior Court held that " the act of 1901 is so in conflict with the act of 1868, that the latter must fall as to the questions raised in this suit," and therefore the fees were to be determined by the act of 1901. Also that the sheriff was entitled to charge his own mileage for each mile circular traveled by him, at the rate of ten cents per mile, and to charge this rate upon each commitment, whether cotemporaneous or not, and also to charge for reasonable help and expenses in transporting and delivering convicts and lunatics to the penitentiary, asylum, etc. It was held, however, that it was a question for the jury as to what were reasonable help and expenses, and because this question was taken from the jury by the trial judge, the judgment was reversed and a new venire awarded. The decision of the Superior Court is amply buttressed by the reasoning of the opinion and the authorities therein cited, and we can add but little thereto. We are clear that the earlier act is inconsistent with the later one, and as the act of 1868 was a general law, it was evidently intended that its provisions should be repealed by the act of 1901. The latter statute fixes the fees " for executing any process, warrant, capias, attachment, decree, sentence or order of court, where the defendant's body is to be taken into custody." This language is broad enough to cover the execution of a sentence committing a convict to the penitentiary or reformatory, and of an order committing a lunatic or feeble-minded person to an asylum. But we do not find any provision in the act of 1901 authorizing the sheriff to make a charge of ·$4.00 per day for deputies used in the transportation of prisoners. Clearly there can be no charge of this character unless the law expressly authorizes it. The act of 1868 did have such a provision, but it was not retained in the act of 1901.

In support of the contention that the legislature, by the act of 1901, did not intend to repeal or supersede the provisions of the act of 1868 in regard to the removal of lunatics and convicts, defendant offered evidence of certain proceedings in the legislature preliminary to the passage of the former act, and this evidence was admitted by the court below. Such evidence was clearly inadmissible to show the legislative intent,

under Bank of Penna. v. Com., 19 Pa. 144, and Cumberland County v. Boyd, 113 Pa. 52, cited by the Superior Court. See also Southwark Bank v. Com., 26 Pa. 446, where Chief Justice LEWIS, said (p. 450): "The (legislative) journals are not evidence of the meaning of a statute, because this must be ascertained from the language of the act itself, and the facts connected with the subject on which it is to operate;" and Com. v. Mathues, 210 Pa. 372 (392).

Endlich on Interp. Stat. sec. 30, p. 41, considering the English authorities, says: "It is unquestionably a rule that what may be called the parliamentary history of an enactment is 'wisely inadmissible' to explain its meaning. Its language can be regarded only as the language of the three states of the realm, and the meaning attached to it by its framers or by members of either house of parliament cannot control the construction of it."

The question of whether the sheriff was entitled to collect for mileage circular or direct, is no longer open for argument. It was expressly decided in Peeling v. York County, 212 Pa. 245, cited by the Superior Court, where our Brother ELKIN pointed out that the plain meaning of the act of 1901 is to authorize a charge for "miles circular."

With regard to cotemporaneous writs, the allowance under the terms of the act is "for traveling expenses or mileage, in serving or executing any of the writs, rules, orders, decrees, processes, or performing any of the duties or services herein specified, and intended so to be or authorized by law, the sheriff shall be entitled to receive and have taxed as costs ten cents a mile, for each mile actually traveled and necessary, the same to be allowed on each separate writ, rule, order, decree, process or service performed: Provided, that he shall not receive more than one mileage, where the plaintiff and defendant, or plaintiffs and defendants, in two or more cotemporaneous writs are the same."

The plain import of this language is to give the sheriff mileage for executing all cotemporaneous writs or orders of the court, civil or criminal, unless where both plaintiffs and defendants are the same; in such case one charge for mileage only, is allowed. We see no room for distinction under the law, between orders issued in criminal and civil cases. It does seem

to be an abuse, to permit the sheriff to collect from the same party, the county, duplicate charges for mileage, in cases where a number of writs or orders of court are placed in his hands, to be executed at the same time and by a single trip. But the language of the act bears no other construction, and the remedy must, therefore, be applied by the legislature and not by the courts.

As the case goes back to have the jury determine what was a reasonable allowance for help and expenses in transporting prisoners, it should be borne in mind that allowance for extra help is only to be made in case of actual necessity. Ordinarily there can be no reason why a sheriff or a deputy cannot take several prisoners to their destination at the same time.

With the modification herein indicated, as to the per diem charge for deputies, the judgment of the Superior Court is affirmed.