## Kerr *v.* Sun Company, Appellant.

*Fees—Subpœnas—Witness—Act of July* 11, 1901, *P. L.* 663.

The fees of constables or private persons for serving subpœnas on witnesses are fixed by the Act of July 11, 1901, P. L. 663, and not by the Act of April 2, 1868, P. L. 3.

Argued Nov. 21, 1906. Appeal, No. 190, Oct. T., 1906, by defendant, from order of C. P. Del. Co., Sept. T., 1903, No. 225, affirming taxation of costs in case of Maggie S. Kerr v. Sun

Company.   Before RICE, P. J., PORTER, HENDERSON, MOR-
RISON, ORLADY and HEAD, JJ.   Affirmed.

Appeal from prothonotary's taxation of costs.   Before JOHN-
SON, P. J.

The prothonotary taxed the costs of serving subpœnas on
witnesses in accordance with the act of July 11, 1901.   The
court sustained the taxation.

*Error assigned* was the order of the court.

*W. B. Broomall,* with him *W. I. Schaffer,* for appellant, cited:
Beach v. Penna. R. R. Co., 22 Lancaster Law Rev. 65; Klugh
v. Penna. R. R. Co., 29 Pa. Superior Ct. 583.

*O. B. Dickinson,* with him *V. G. Robinson,* for appellee.

PER CURIAM, December 10, 1906:

The only complaint of the defendant presented by this ap-
peal is, that the court erred in taxing the plaintiff's cost for
serving subpœnas upon his witnesses in accordance with the
Act of July 11, 1901, P. L. 663, and in not taxing them in ac-
cordance with the Act of April 2, 1868, P. L. 3.   Neither of
these acts contains any express provision as to the fees for
serving subpœnas, either of the common pleas or quarter ses-
sions, except that which fixes the fees of the sheriff.   But it
was well settled by decisions prior to the act of 1901 that if
service of such subpœnas was made by a constable or a private
person, the fees therefor were to be taxed in accordance with
the sheriff's fee bill: McCallister v. Armstrong County, 9 Pa.
Superior Ct. 423.   See also McClain v. Lawrence County, 14
Pa. Superior Ct. 273, and cases cited on page 277.   It is to be
presumed that this was known to the legislature when they
passed the act of 1901, and the fact that they made no change
in that law, except as to the amount of the fee, raises a very
strong presumption that they did not intend to disturb the set-
tled rule.   The contention that the act of 1901 does not apply
to a subpœna ad testificandum, and therefore that the act of
1868 controls in that matter, cannot be sustained.   The words
of the act include such subpœna as plainly as did those of the

act of 1868, and the manifest purpose of the legislature was to supersede the latter act as to the subjects embraced in the act of 1901 : Lenhart v. Cambria County, 29 Pa. Superior Ct. 350 ; s. c. 216 Pa. 25. Since the passage of the act of 1901 the question here presented has been considered by us in at least two cases, and the rule as established prior to that act adhered to : O'Leary v. Northumberland County, 24 Pa. Superior Ct. 24 ; Kottcamp v. York County, 28 Pa. Superior Ct. 96. A reconsideration of the question, with the aid of the able argument of the appellant's counsel, has not led us to a different conclusion. If the fees fixed by the act of 1901 for this service are too high the remedy is with the legislature.

The order is affirmed.