## Cogan, Appellant, *v.* Bedford County.

*Public officers—County auditors—Reports—Filing reports in court—Act of April 15, 1834, P. L. 537.*

1. The filing of county auditors' reports in the office of the prothonotary among the records of the court of common pleas is a sufficient compliance with the Act of April 15, 1834, P. L. 537. The reports need not be brought into open court and filed by direction of the court.

2. On an appeal from a judgment of the court of common pleas against a public officer who has appealed from the report of county auditors, the appellate court will not reverse the judgment, because

the trial court admitted in evidence and ruled on reports of previous years alleged to be conclusive against the appellant, where the latter has failed to print such reports in his paper-book.

3. Where county auditors have audited the accounts of a public officer, and their report has been filed and not appealed from, their successors four years afterwards have no jurisdiction, in the absence of fraud, to pass upon claims that should have been made four years before.

Argued Oct. 25, 1911.   Appeal, No. 41, Oct. T., 1911, by H. W. Cogan, from judgment of C. P. Bedford Co., Sept. T., 1909, No. 244, on verdict for defendant in case of H. W. Cogan v. Bedford County.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Appeal from county auditors.   Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1–3) rulings set forth in the opinion of the Superior Court.

*John N. Minnich*, for appellant.—The reports of county auditors must be presented in open court and it should appear by an entry on the docket that the court acted upon it: Act of April 15, 1834, secs. 48 and 55, P. L. 537; Luzerne County v. Rhoads, 1 Kulp, 437; Goehrig v. Lycoming County, 13 Pa. Superior Ct. 67.

In order for a report to be binding upon the officer he must have notice in order that he may be present: Wilson v. Clarion County, 2 Pa. 17; Blackmore v. Allegheny County, 51 Pa. 160; Brown v. Com., 2 Rawle, 40; Berks County v. Linderman, 30 Pa. Superior Ct. 119; Godshalk v. Northampton County, 71 Pa. 324; Com. v. United States Fidelity & Guaranty Co., 220 Pa. 148.

Unless precluded by an auditor's report the sheriff is entitled to receive the increased fees: Skinner v. Franklin

County, 3 Pa. C. C. Rep. 424; Northampton County v. Herman, 119 Pa. 373; Richter v. Penn Twp., 9 Pa. 79.

*T. F. Bailey,* for appellee, filed no printed brief.

OPINION BY MORRISON, J., March 1, 1912:

This case is founded on an appeal by plaintiff from the report of the county auditors of Bedford county at their meeting in 1909. Said report was against the claims of the plaintiff and it was filed in the prothonotary's office of the common pleas of Bedford county on February 5, 1909, and on April 3, 1909, an issue was framed by the court wherein H. W. Cogan was made plaintiff and the county of Bedford defendant. The plaintiff subsequently filed a statement of claim and the defendant pleaded and the issue thus joined came on for trial before the court and a jury, and at the close of the testimony the court directed a verdict in favor of the defendant, and subsequently refused to grant a new trial and judgment was entered on the verdict, and the plaintiff appealed to this court.

The plaintiff was sheriff of Bedford county for the years 1903, 1904 and 1905, and it is conceded by his counsel that, as sheriff, he removed patients to the hospitals and prisoners to the penal institutions and executed writs of habeas corpus and for his services or fees he made out bills regularly to the commissioners of Bedford county, charging his services or fees under the Act of April 2, 1868, P. L. 3, he then believing that the Act of July 11, 1901, P. L. 663, did not apply to his services or fees. That the plaintiff, as sheriff, actually presented his bills so made out and received payment in full therefor from the county of Bedford. It was clearly proved at the trial that the plaintiff actually appeared before the county auditors at each of their annual meetings, following the years 1903, 1904 and 1905, and that all claims presented by him to the auditors were heard and considered; that the auditors' reports for each of said years were brought into court

from the prothonotary's office, where they were on file, and offered in evidence at the trial to show that the plaintiff's accounts had been audited.

On June 27, 1906, the Supreme Court decided (Lenhart v. Cambria County, 216 Pa. 25) that the act of July 11, 1901, repealed the act of 1868, and it then became evident that, if the plaintiff had made out his bills under the said act of 1901 he would have been entitled, according to the bills he subsequently made, to $726.02 more than he was entitled to under the act of 1868, and that amount more than he was actually paid for his services by the county of Bedford.   The sheriff's method.of attempting to recover said amount from the defendant county was as follows: he made new bills running through the three years of his term, calculated under the act of 1901, and credited the various amounts which the county had paid him in settlement of his bills, under the act of 1868, on his new bills, and claimed the balance of $726.02.   In his attempt to collect this sum he went before the auditors sitting in the year 1909 and asked them to re-audit his accounts for the several years while he was sheriff, and, on hearing his claims and investigating the same, the auditors decided against him.

In this case the appellee presented no paper-book but from the paper-book of the appellant we find that the auditors' reports embracing the accounts of the plaintiff for the years 1903, 1904 and 1905 were actually offered in evidence by the counsel for appellee.   The learned counsel for appellant contends that the plaintiff's accounts were never in fact audited and that the so-called auditors' reports were never taken into open court of common pleas and filed by the order of that court in accordance with the Act of April 15, 1834, P. L. 537, secs. 48 and 55.   Upon examining this act we find that sec. 48 reads as follows: "The auditors of each county, any two of whom when duly convened shall be a quorum, shall audit, settle and adjust the accounts of the commissioners, treasurer and sheriff and coroner of the county

and make report thereof to the court of common pleas of such county, together with a statement of the balance due from or to such commissioners, treasurer, sheriff or coroner." Section 55 reads: "The report of the auditors shall be filed among the records of the court of common pleas of the respective county, and from the time of being so filed shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted either to the commonwealth or to the county." It is conceded by appellant's counsel that the auditors' reports for each year while the plaintiff was sheriff were filed in the prothonotary's office of Bedford county among the records of the court of common pleas. This, we think, was a substantial compliance with the provisions of sec. 55 above quoted, but the counsel contends that said reports are of no account because they were not brought into open court of common pleas and filed by the direction of said court, and a lengthy argument is made upon this ground, but we have examined the appellant's paper-book from cover to cover and we do not find that he has printed any of these auditors' reports entire, with their indorsements for our inspection.

The first assignment of error complains of the court for allowing the auditors' report for the year 1903, filed February 4, 1904, to be offered in evidence for the purpose of showing that there was a settlement between the sheriff (plaintiff) and the county of Bedford for the very services which the plaintiff was claiming for in the present suit. But we cannot sustain this assignment because the auditors' report, if printed and brought before us, might show that it was made and filed in strict conformity with law. For the same reason we cannot sustain the second assignment of error which complains of the court for not allowing the plaintiff to prove that he was never notified to be present for any audit and that in fact his books were never audited. This was objected to by defendant's counsel as follows: "It having been shown by the witness on the stand that at the end of each of three years he was

sheriff, he appeared before the county auditors and presented an account, and it not being proposed to show that the auditors refused to audit his account, or that he presented any other account than what was audited by the county auditors, this is objected to as being incompetent and irrelevant." The court sustained this objection and excluded the evidence. Now, we cannot say that this was error because the auditors' report is not before us and it may show a strict compliance with the law.

The third assignment is that the court erred in affirming the motion to direct a verdict for the defendant, and in directing the verdict, etc. We cannot sustain this assignment for the same reasons. As we understand the matter, the court below had the auditors' reports for each of the three years before it and they were admitted in evidence and the rulings must have been largely based upon these reports and we cannot say that they were illegal and void when they are not brought before us.

It is needless to say that if the plaintiff's accounts were presented by him to the auditors at the close of each year, and they were all the claims that he presented and that were audited, and the reports were taken into court and duly filed, that the auditors sitting in 1909, had no jurisdiction to review the work of the auditors who sat in 1904, 1905 and 1906 and adjusted the plaintiff's accounts. If the several auditors' reports were regularly and legally made, after the plaintiff had been fully heard, and were then legally filed among the records of the court of common pleas, that would be the end of the plaintiff's case, except on appeal therefrom: Hutchinson v. Com., 6 Pa. 124; Northampton County v. Herman, 119 Pa. 373; Westmoreland County v. Fisher, 172 Pa. 317.

There is in this case no evidence whatever of any fraud or artifice practiced on the plaintiff to induce him not to make his claims before the auditors under the act of 1901. This act was then in force, and it was legal, and he was bound to know the law, and having failed to make his claims under that act until long after the auditors' re-

ports were filed and the time for appeal had expired, he had no legal right whatever to amend his claims and have them reaudited by the auditors sitting in 1909.

The assignments of error are all dismissed and the judgment is affirmed, and the appeal dismissed at the cost of appellant.