## William G. Andrews, Sheriff, *v.* County of Lawrence, Appellant.

*Public officers—Sheriffs—Compensation.*

The Sheriff of Lawrence County is not entitled to receive a per diem compensation of $3 per day, in addition to other fees allowed by law, for transporting persons under sentence, or commitment, from the several Courts of the County to different penal institutions and hospitals for the insane.

Section 1 of the Act of July 11, 1901, P. L. 663, as amended by the Act of May 27, 1919, P. L. 297, authorizes the payment to the sheriff, or his deputy, of the sum of $3 per day for each and every day of Court the Sheriff or deputy is actually present. The provisions of this section, however, do not include payment for the conveyance of prisoners to penitentiaries or asylums.

Argued April 20, 1926. Appeal No. 180, April T., 1926, by plaintiff, from judgment of C. P. Lawrence County, June T., 1923, M. D. No. 26, in the case of William G. Andrews, Sheriff, v. County of Lawrence. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Issue to determine compensation of sheriff. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court held that the Sheriff was entitled to a per

diem compensation, and entered judgment in his favor in the sum of $351. Defendant appealed.

*John P. Lockhart,* County Solicitor, for appellant.

*H. A. Wilkison,* for appellee.

OPINION BY TREXLER, J., July 8, 1926:

The question we are called upon to decide is whether the Sheriff of Lawrence County is entitled to receive from the County, a per diem compensation of $3 per day, in addition to other fees allowed by law for transporting persons under sentence, or commitment, from the several Courts of the County to different penal institutions and hospitals for the insane.

The case originated in the Court below in an appeal by the Sheriff from the report of the County Auditors. The Sheriff had presented a claim in the sum of $351 for a per diem compensation of $3 for 117 days, on which said days the Sheriff was engaged in transporting persons under sentence or commitment from the several Courts of said County to different penal institutions and to hospitals for the care of the insane and weak-minded persons. An issue was framed in which the Sheriff was plaintiff and the County of Lawrence, defendant. The performance of the services was admitted, but the plaintiff's right to recover under the law was denied. The lower court decided that the plaintiff was entitled to the full amount of the sum claimed. The County appealed.

It is a well recognized principle that in order to recover, the officer must be able to point to the statute under which he claims. Fry v. Berks County, 38 Pa. Superior Ct. 449, 457.

The plaintiff endeavors to sustain his claim under the provisions of Section 1, of the Act of July 11, 1901, P. L. 663, as amended by the Act of May 27, 1919, P. L. 297. The act as amended reads: [the fees to be

received by sheriffs of this commonwealth shall be as follows] "For attending court, bringing into and removing therefrom prisoners for arraignment, trial, and sentence, and for the execution of any other order of court, the sum of three dollars per day for the sheriff and each deputy, for each and every day of court, where the sheriff or deputy is actually present, to be paid by the county."

It will be observed that the amount paid is for attending court. The services rendered by the Sheriff are those required in carrying on the affairs of the court, he is there as the handy arm of the court, to bring prisoners for arraignment, trial and sentence, and for the execution of any order of court such as may be required in maintaining order or expediting the disposal of matters that may arise from time to time. He is paid per diem for each and every day of court where he is actually present. When conveying prisoners to penitentiaries or lunatics to asylums, he by no stretch of words, can be said to be attending court, and no doubt it frequently happens, that when such are conveyed, the court is not in session. The expression used in the act is emphatic. He must be "actually present." Real, not constructive, presence is intended.

The counsel for the plaintiff argues that even if this be so, there is a provision in the act of 1901, supra, that "for the execution of any matter directed to the sheriff, or authorized by law or rule of court, or for services not herein provided for, the sheriff shall receive the same fees as for similar services herein provided for."

It will be noticed, however, that, under the Act of 1901, as amended by the Act of June 1, 1915, P. L. 677, the Sheriff is allowed "for traveling expenses or mileage in serving or executing any of the writs, rules, orders, decrees, processes, or performing any of the duties or services herein specified......the sheriff

shall be entitled to receive and have taxed as costs the sum of six cents a mile, for each mile actually traveled and necessary.'' This language quoted is broad enough to cover the execution of a sentence, committing a convict to the penitentiary or reformatory and of an order committing a lunatic or a feeble-minded person to the asylum: Lenhart v. Cambria County, 216 Pa. 25.

The portions quoted show what the Sheriff is to receive in such cases and have been construed to cover the very subjects which we are considering. The services, therefore, are not included within the phrase ''services not herein provided for.'' They are provided for, and the Sheriff must be content with what is given him. He is not entitled to an additional per diem. We are all of the opinion that the lower court erred in allowing the claim of the Sheriff.

The assignment of error is sustained, the judgment of the lower court is reversed, and judgment is now entered in favor of the defendant, the County of Lawrence.