## O'Leary *v.* Northumberland County, Appellant.

*Public officers—Sheriffs—Constables—Fees—Serving subpœnas—Act of July* 11, 1901, *P. L.* 663.

The Act of July 11, 1901, P. L. 663, confers on the sheriff no exclusive right to serve subpœnas in criminal cases. If the district attorney employs a constable to make such service, and the constable makes the service, he, and not the sheriff, is entitled to the fees provided by the act, and this is the case although the sheriff may have offered to make the service.

Argued Oct. 30, 1903.    Appeal, No. 210, Oct. T., 1903, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1903, No. 202, for plaintiff on case stated in suit of Michael O'Leary v. Northumberland County.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Case stated to determine the liability of the county for fees for serving subpœnas.    Before SAVIDGE, P. J.

From the case stated it appeared that the plaintiff had served the subpœnas at the instance of the district attorney.

The court entered judgment for plaintiff for $67.80.    Defendant appealed.

*Error assigned* was in entering judgment for plaintiff.

*Charles C. Lark,* for appellant.—At common law no costs were given in criminal cases, and county commissioners have no authority to pay them, excepting where authorized by some act of assembly.    The courts will not impute to the legislature an intent to make the county liable for costs, where it is not so expressed .in the act; the liability of the county must rest upon the words of the statute obliging the county to pay; a mere deduction from its phraseology will not support an action against the county : Wadlinger on Costs, sec. 204, page 405 ; Crawford County v. Barr, 92 Pa. 359 ; Wayne County v. Waller, 90 Pa. 99; Huntingdon County v. The Commonwealth, 72 Pa. 80; Agnew v. Cumberland County, 12 S. & R. 94 ; York County v. Jacobs, 3 P. & W. 365 ; Commonwealth v. Huntingdon Co.,

3 Rawle, 486, 487 ; Franklin County v. Conrad, 36 Pa. 317 ; Com. v. Phila., 8 S. & R. 151.

In considering whether costs are recoverable in a given instance, the terms of the statute granting them will be strictly construed : Humer v. Cumberland County, 4 Pa. Dist. Rep. 588.

The sheriff is the proper officer to serve subpœnas : McCallister v. Armstrong County, 9 Pa. Superior Ct. 423 ; Meagher v. Commissioners of Clearfield Co., 3 Pa. Dist. Rep. 444 ; Newton v. Luzerne County, 11 Kulp, 89 ; Douglas v. Wallace, 161 U. S. 346 (16 Sup. Ct. Rep. 485) ; Williams v. Northumberland Co., 110 Pa. 48.

*John F. Schaffer*, for appellee.—The sheriff has no exclusive right to serve subpœnas : Miller v. Scott, 6 Phila. 484 ; Patterson v. Anderson, 1 Pa. C. C. Rep. 86 ; Timney v. Timney, 21 Pa. Superior Ct. 538.

The district attorney as the representative of the commonwealth had a discretionary right to place these subpœnas in the hands of O'Leary for service.

The sheriff's fee bill of July 11, 1901, P. L. 663, controls the compensation : McCallister v. Armstrong Co., 9 Pa. Superior Ct. 423.

OPINION BY BEAVER, J., December 19, 1903 :

As intimated in an opinion just filed in No. 209 of October term, 1903, there is no exclusive right inhering in, and no exclusive duty imposed by statute upon, the sheriff of the county to serve subpœnas. They are not directed to the sheriff and the service made by any other officer or by a party interested in the suit is universally recognized as good and will be enforced by attachment.

The Act of July 11, 1901, P. L. 663, fixes the fees to be charged by the sheriff for serving a subpœna. It does not, however, confer any exclusive right upon him to make such service. If service is made by any other person, recognized as a proper person to make it, compensation can be claimed, as is usual in such cases, according to the fees provided by law for an officer who is recognized or designated as a person qualified to make the service.

It is not claimed by the appellant, as we understand his argument, that the constable who made the service, if authorized to make it, is not entitled to the fees provided for in the sheriff's fee bill contained in the act of 1901, supra. The claim is that the plaintiff is not entitled to the fees, because the sheriff was willing to serve the subpœnas which were actually served by the plaintiff. It is admitted that the county of Northumberland is liable to some person for the fees for the service of subpœnas claimed by the plaintiff. The real question is whether the plaintiff or the sheriff, both of whom claim them, is entitled thereto. The sheriff did not serve them and, as we have decided in No. 209, October term, 1903, above mentioned, that he is not entitled to them; and, inasmuch as the county received an equivalent for the amount claimed by the plaintiff under the fee bill and the plaintiff rendered the service, we can see no reason why, in the absence of any statute to the contrary, he should not recover under the facts of the case stated, as determined by the court below.

We think the judgment in favor of the plaintiff, upon the case stated, was properly entered.

Judgment affirmed.