## Kottcamp *v*. York County, Appellant (No. 1).

*Constables—Fees—Subpœnas—Mileage.*

A constable cannot be compelled to serve a subpœna issued from the office of the prothonotary or by the clerk of the court of quarter sessions for the attendance of witnesses at court.   He may do so, as indeed, any private citizen may, but for such service he is entitled to the fee which the sheriff, or any person acting in his stead, is entitled to.

The sheriff's fee bill of July 11, 1901, P. L. 663, which allows "ten cents a mile for each mile actually traveled and necessary" does not restrict the right of recovery to mileage one way; the question is, how many miles were actually and necessarily traveled.

A constable is entitled to be paid for receiving a prisoner from jail and taking him before a magistrate on a precept for a hearing, the same fee which he receives for the similar service rendered on a commitment.

Argued March 14, 1905.   Appeal, No. 15, March T., 1905, by defendant, from judgment of C. P. York Co., Jan. T., 1904, No. 79, for plaintiff on case stated in suit of Fred. W. Kottcamp v. York County.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Case stated to determine fees due a constable.   Before STEWART, J.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*E. D. Ziegler*, for appellant.—The constable is not entitled to receive sheriff's fees because he was not deputized by the sheriff for serving court subpœnas delivered to him by the district attorney for service: Coleman v. Hess, 1 Browne's Rep., 274; Diehl v. Dauphin County, 5 Pa. Dist. Rep., 525; Boyle v. Luzerne County, 17 Pa. C. C. Rep. 214; Kepner v. Miller, 1 Chest County Rep., 369.

*Allen C.- Wiest*, for appellee.—A constable is entitled to sheriff's fees for serving common pleas subpœnas: McCallister v. Armstrong County, 9 Pa. Superior Ct. 423; Kepner v. Miller, 1 Chester Co. Rep. 369; Commonwealth v. Neeley, 2 Chester Co. Rep. 105; Patterson v. Anderson, 1 Pa. C. C. Rep. 86; Peterson v. Williams, 1 Pa. C. C. Rep. 93; Carroll v. Petry, 15 W. N. C. 416; Shrope v. Northampton County, 3 Lanc. Law Rev. 123; Youngs v. Harold, 14 Pa. C. C. Rep. 525; Meagher v. Commissioners of Clearfield Co., 3 Pa. Dist. Rep. 444; Hannum v. Becker, 4 Pa. Dist. Rep. 444; Commonwealth v. Thorn, 19 Pa. C. C. Rep. 299; Diehl v. Dauphin Co., 5 Pa. Dist. Rep. 525; Hunter v. Lebanon County, 12 Pa. Dist. Rep. 648; Commonwealth v. McQuiston, 29 Pa. C. C. Rep. 81; Hower v. Lauver, 13 Pa. Dist. Rep. 745; O'Leary v. Northumberland Co., 24 Pa. Superior Ct. 24.

Plaintiff was entitled for each mile traveled, that is circular mileage: Boyle v. County of Luzerne, 17 Pa. C. C. Rep. 214; Young v. Harold, 14 Pa. C. C. Rep. 525; McCallister v. Armstrong Co., 9 Pa. C. C. Rep. 449; Meagher v. Commissioners of Clearfield Co., 3 Pa. Dist. Rep. 444; Commonwealth v. Thorn, 19 Pa. C. C. Rep. 299; Elliott v. Mut. Fire Ins. Co., 1 Pa. Dist. Rep. 546; Vernon v. Closser, 14 Pa. C. C. Rep. 521; Smith v. Altoona, etc., R. R. Co. 182 Pa. 139; Cresson, etc., R. R. Co. v. Bell's Gap R. R. Co., 3 Pa. C. C. Rep. 545.

A constable is entitled to compensation for receiving from a committing magistrate a writ directed to the sheriff, requiring

him to deliver to the constable a certain prisoner, so that he may be brought before the magistrate for a hearing on a criminal charge, taking the writ to the jail, delivering it to the jailor, receiving from the jailor the prisoner into his custody, conveying the prisoner to the magistrate's office for a criminal hearing, and there keeping and guarding the prisoner until the hearing is over: Turner v. Chester Co., 12 Pa. Dist. Rep. 386; McCallister v. Armstrong Co., 9 Pa. Superior Ct. 423; McGee v. Dillon, 103 Pa. 433.

OPINION BY RICE, P. J., April 17, 1905:

1. The first question is whether the plaintiff was entitled to be paid under the sheriff's fee bill, when not deputized by the sheriff, for serving court subpœnas delivered to him by the district attorney.   It so happens that he was a constable, but his right to fees was not in any way dependent upon that fact, but arose from the nature of the act he performed.   If it were an open question, there would be some show of reason in the argument that no one but the sheriff or his regularly authorized deputy can claim the fee prescribed by the sheriff's fee bill for serving subpœnas.   But if, as has been uniformly held for nearly a century, one not an officer is entitled to the same fee as the sheriff for a particular service, no good reason can be given for holding that he is entitled to a greater or less fee, because he happens to hold an office to which the duty of rendering the service is not attached.   A constable cannot be compelled to serve a subpœna issued from the office of the prothonotary or of the clerk of the quarter sessions for the attendance of witnesses at court.   He may do so, as, indeed, any private citizen may, but for such service he is entitled to the fee which the sheriff, or any person acting in his stead, is entitled to: McCallister v. Armstrong County, 9 Pa. Superior Ct. 423; O'Leary v. Northumberland Co., 24 Pa. Superior Ct. 24.   The foregoing ruling was in accordance with a long line of reported decisions of the courts of common pleas of the state, beginning with Coleman v. Hess, 1 Browne's Reps. 274, decided in 1811.   It was applied against the constable's contention when the fee given by the constable's fee bill was larger than that given by the sheriff's fee bill, and is none the less applicable now that it will operate in his favor.

2. The language of the sheriff's fee bill of July 11, 1901, P. L. 663, relative to traveling expenses or mileage, is "ten cents a mile for each mile actually traveled and necessary."

Nowhere in the act is the phrase "circular mileage" used with reference to any particular service; there is therefore no ground for presuming, as there was in Price v. Lancaster County, 7 Pa Superior Ct. 119, that where it is not used direct mileage or mileage one way was intended. Giving to the words of the act their plain and obvious meaning a ruling which would restrict the right of recovery to mileage one way would be unwarranted. The question is, how many miles were actually and necessarily traveled, and this question cannot be determined by applying the arbitrary rule contended for by the appellant's counsel.

3. The remaining question is whether a constable is entitled to be paid for receiving a prisoner from the jail and taking him before a magistrate on a precept for a hearing. The authority of justices to issue and the duty of constables to execute such process is not disputed, but no specific fee is given by the Act of February 17, 1899, P. L. 1, for that service. While the supposed right to compensatory fees, recognized in the early history of the commonwealth, was wiped out by the act of 1814 and later decisions (Irvin v. Commissioners Northumberland County, 1 S. & R. 505; Lyon v. Commissioners Cumberland County, 4 S. & R. 442) yet it would seem that a constable is entitled to a fee for this service under the clause of the act which reads: "For services not herein specially provided for, the same fees may be charged and received as for similar services." See McCallister v. Armstrong County, 9 Pa. Superior Ct. 423, at p. 429. As we remarked in that case this clause of the act is to be construed strictly but not so strictly as to nullify it. The service is similar to that rendered on a commitment, for which the act allows a fee of $1.00 and mileage. We are of opinion that the same fee is chargeable for the service in question.

All the assignments of error are overruled and the judgment is affirmed.