## Bogle v. Pratt.

*W. S. Harris*, for plaintiff; *T. D. Wade*, for defendant.

WINDLE, J., Sept. 29, 1929.—A voluntary non-suit having been suffered in this case at the April, 1929, term court, defendant filed his bill of costs for the three terms at which it was on the trial list. The costs included therein were taxed by the prothonotary on July 11, 1929, and on the same day defendant filed this appeal, with the grounds of his objections, not under oath.

Plaintiff objects to the charge for serving subpœnas at each of the terms above referred to in the amount of $15.35, and to the charge of witness fees and mileage for Dr. C. J. Marshall and Dr. D. E. Hickman, witnesses subpœnaed by defendant, whom, he asserts, were unnecessarily summoned.

Our rule of court on the subject, to wit, Rule VI, section 4, provides as follows: "The affidavit of the party, or other person, to the correctness of the bill and the attendance and materiality of the witnesses shall be annexed, and shall be *prima facie* evidence to the taxing officer." The affidavit to the bill of costs is, therefore, *prima facie* evidence of the correctness of the charges made in the bill, and, if not rebutted, is conclusive: Patterson *v.* Anderson, 1 Pa. C. C. Reps. 86. No exceptions or objections under oath were filed and no testimony presented to deny the propriety of the items complained of. Under these circumstances, the court has nothing before it upon which to decide that the costs were not correctly taxed—nothing to rebut the presumption raised by the affidavit of defendant to the bills. As a matter of fact, from the number of witnesses summoned and the mileage claimed by them— not complained of—it would seem that the charge for serving the subpœnas on them was not excessive, the rates being those fixed by the Sheriff's Fee Bill of 1901: Kottcamp *v.* York County, 28 Pa. Superior Ct. 96. Nor do we believe the objection to subpœnaing the two doctors as witnesses could be sustained. The defendant clearly was justified in calling to his assistance at least two reputable verterinary surgeons to testify, if they could, that defendant's treatment of the horse in question, as described from the witness-stand by preceding witnesses, was proper and in accordance with good practice— was not negligent, as alleged by plaintiff—and the charge for their attendance in court was properly made. Consequently, we are of opinion that, aside from any question of failure of proof, but on the merits of the case as we understand them from the record and statements of counsel at the time of argument, these objections cannot be sustained. Appeal dismissed.