## Hornberger v. Wise et al.

Before Larrabee, P. J., and Williams, J.

*Greevy & Greevy*, for plaintiff.

*Marshall R. Anspach*, for defendants.

*Malcolm Muir*, for county controller.

PER CURIAM, February 27, 1950.—This matter comes before the court on a case stated in which plaintiff is Lionel D. Hornberger and the Commissioners of Lycoming County are defendants.

Hornberger was a constable on September 13, 1948, when he was ordered by the district attorney to serve a subpœna ordering a witness to appear and testify in a quarter sessions cause. The subpœna was served and the Treasurer of Lycoming County was authorized to pay the constable a fee in the sum of 50 cents, which compensation for this service was provided for in the Act of July 20, 1917, P. L. 1158, sec. 1, 13 PS §61, which relates to the fees of constables, and reads, inter alia, as follows:

"For serving subpœna, in all cases, fifty cents for the first witness, and twenty-five cents for each additional witness served."

Although a supplementary act appears to have been in effect when the subpœna in question was served (see Act of June 21, 1947, P. L. 773, sec. 1), this in no way affects the question involved.

Plaintiff constable claims that his fee for serving the subpœna should be governed by the Act of June 1, 1933, P. L. 1141, sec. 1, 16 PS §2661a, and that the commissioners should have authorized the treasurer of the county to pay him the sum of $1.50 for the service of the subpœna. The Act of June 1, 1933, is known as the Sheriff's Fee Bill Act.

The exact question promulgated in the case stated is as follows:

"Whether the plaintiff, in serving said subpœna was entitled to compensation under the Act of 1917, P. L.

1158, section 1; 13 PS 61, or under the Act of 1933, P. L. 1141, section 1; 16 PS 2661a."

Prior to the Act of July 20, 1917, supra, numerous decisions were handed down holding that a constable who served a subpœna out of the court of quarter sessions was entitled to a fee according to the Sheriff's Fee Bill Act.

Defendants argue that the words "in all cases" have been added to the Constable's Fee Bill Act and that this can only mean that constables shall receive the same fee for service of subpœnas regardless of the issuing court. With this we cannot agree.

Service of subpœnas from the court of quarter sessions is not one of the official duties of the constable. Such service is one of the duties of the sheriff's office. A constable can no more be compelled to serve such a subpœna than a private citizen, but he may do so.

In Kottcamp v. York County, 28 Pa. Superior Ct. 96, it was ruled as follows:

"A constable cannot be compelled to serve a subpœna issued from the office of the prothonotary or of the clerk of the quarter sessions for the attendance of witnesses at court. He may do so, as, indeed, any private citizen may, but for such service he is entitled to the fee which the sheriff, or any person acting in his stead, is entitled to . . ."

For years the courts of Pennsylvania have ruled that fees for such services are fixed by the sheriff's fee bill.

In Meagher v. Commissioners of Clearfield County, 3 Dist. R. 444, it was ruled:

"Fees for official services are not fixed by the fee bill of the officer who renders them, but by that of the officer to whom the process would legitimately and naturally go or be directed by the forum issuing it."

In Kottcamp v. York County, supra, it was held:

"But if, as has been uniformly held for nearly a century, one not an officer is entitled to the same fee

as the sheriff for a particular service, no good reason can be given for holding that he is entitled to a greater or less fee, because he happens to hold an office to which the duty of rendering the service is not attached."

In the light of such decisions which gave the constable the same as would be received by the sheriff, we do not feel that the legislature, by adding the words "in all cases", intended to change the rule.

In Roth v. Ulrich's Executors, 43 Lanc. 385, it was recognized that the constable was acting as the sheriff's officer and was entitled to be paid according to the sheriff's fee bill, although this particular point did not seem to be a matter of argument. This decision is the only one since 1917 that can be found in the records pertaining to the question before us.

When a constable renders services which pertain to the office of sheriff, he acts as a sheriff's officer, and is entitled to compensation as such. He must look to the sheriff's fee bill for compensation, just as a private citizen would do. The words, "in all cases", refers, in our opinion, to all cases in which the constable performs the duties of his particular office. These words do not refer to cases where he serves subpœnas as the sheriff's officer.

### Special Verdict on Case Stated

And now, February 27, 1950, on consideration of the matter before the court for a special verdict, the court finds as follows:

1. That plaintiff, in serving the subpœna from the quarter sessions, is entitled to compensation in the amount of $1.50 under the Sheriff's Fee Bill Act of June 1, 1933.

2. That constable plaintiff in serving said subpœna was acting as the sheriff's officer and was entitled to be paid according to the sheriff's fee bill, cited above.

3. That judgment is hereby ordered in favor of plaintiff and against defendants in the amount of $1.50, together with the record costs of this proceeding.